553 F.2d 1137
 Fed. Sec. L. Rep. P 96,014
UNITED STATES of America, Appellee,
v.
Edward A. WHITE, Appellant.
UNITED STATES of America, Appellee,
v.
Julian M. WHITE, Appellant.
UNITED STATES of America, Appellee,
v.
William W. BAKER, Appellant.
 Nos. 76-1754 to 76-1756.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 11, 1977.
Decided April 15, 1977.
Rehearing Denied May 6, 1977.
 
 Daniel P. Reardon, Jr., St. Louis, Mo., on brief, for appellant.
 Barry A. Short, U. S. Atty., and Ronald E. Jenkins, Asst. U. S. Atty., St. Louis, Mo., for appellee.
 Before HEANEY, ROSS and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Edward A. White was convicted by a jury of 12 counts in violation of 15 U.S.C. §§ 77q(a) and 78q(a) and 18 U.S.C. §§ 1341, 1343 and 2. Appellant Julian M. White was convicted by a jury of 10 counts in violation of 15 U.S.C. § 78q(a) and 18 U.S.C. §§ 1001, 1014 and 2. Appellant William W. Baker was convicted of 9 counts in violation of 15 U.S.C. §§ 77q(a) and 78q(a) and 18 U.S.C. §§ 1341 and 2. On this appeal the appellants allege that the district court,[1] in violation of the sixth amendment, erroneously limited their right of cross-examination. We affirm.
 
 
 2
 The record discloses that Edward A. White was the president and major stockholder of White and Company, a Missouri corporation registered with the Securities and Exchange Commission as a broker-dealer. Julian M. White was secretary-treasurer of the corporation as well as its chairman of the board of directors. William W. Baker was a bookkeeper-cashier employed by White and Company. The subject matter of the indictment concerned fraud in connection with the investment accounts of Bernice Bade, David Schwartz, Joseph Beningo and Ben G. Mannis, as well as the handling of stock belonging to Ella Mae Fischer.
 
 
 3
 At trial Bernice Bade stated on direct examination that she had purchased 1,777 shares of Investment Company of America stock in March 1971 from White and Company for $25,002.39. Bade further testified that she did not receive 1,577 shares of stock; nor did she receive a return of her money. Upon cross-examination the defense attempted to show that Bade was reimbursed in the sum of $23,323.83 by a United States government insurance corporation, the Securities Investor Protection Corporation (SIPC), after White and Company had been placed in bankruptcy. The district court sustained the government's objection to this line of inquiry by the defense. The district court similarly disallowed defense inquiry into restitution to David Schwartz, Joseph Beningo and Ben G. Mannis by SIPC.
 
 
 4
 The appellants contend they were prevented from establishing a good faith defense by the trial court's evidentiary rulings prohibiting them from any inquiry into restitution by SIPC. We are not persuaded, however, by appellants' argument. It is well settled that a reimbursement does not erase a fraud if it originally existed. United States v. Gross, 416 F.2d 1205, 1209 (8th Cir. 1969), cert. denied, 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970); Seals v. United States, 221 F.2d 243, 249 (8th Cir. 1955). Although prompt repayment may be material consideration on the issue of intent to defraud, Seals v. United States, supra, in this case the restitution was made by a third party after White and Company had been placed in bankruptcy. See Savitt v. United States, 59 F.2d 541, 544 (3d Cir. 1932). Although the accused in a criminal trial must be given reasonable latitude in cross-examination, in this factual setting we find that the district court did not unconstitutionally or erroneously limit the appellants' right of cross-examination.[2]
 
 
 5
 The judgment of conviction is affirmed.
 
 
 
 [1]
 The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 We have carefully examined the appellants' contentions that the district court erred in prohibiting their calling the trustee in the receivership proceeding with respect to the restitution issue and in admitting the summary exhibits and testimony of FBI Agent Thomas Parker. We are fully satisfied the trial court did not abuse its discretion in these matters